UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PINNACLE MINDS, INC.,
Plaintiff,

v.

CULAIN CAPITAL FUNDING, LLC,

Defendant.

**ANSWER WITH COUNTERCLAIM**

Case No. 26-cv-00501 (JLS)

Defendant Culain Capital Funding, LLC ("Defendant"), by and through its attorneys, Woods Oviatt Gilman LLC and Magavern Magavern Grimm LLP, as and for its Answer to Plaintiff's Complaint, states as follows:

Plaintiff's Complaint includes a "Preliminary Statement" which includes a factually and legally inaccurate narrative, and to which no response is required. To the extent that a response may be required, Defendant denies the allegations included in the Preliminary Statement.

1. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegation that collecting on PMI's invoices presented little if any risk. Defendant lacks information or knowledge sufficient to for a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks information or knowledge sufficient to form a belief as to the truth that splitting the invoices across multiple quarters for each customer was a practical necessity arising from the ERC payment structure that did not exist in traditional factoring. Defendant admits the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegation that applicable discounts/fees were "effective interest". Defendant admits the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation as to what PMI relied upon to understand how the amounts were being computed. Defendant admits the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that the fees and discounts were being applied in a manner consistent with the receivable being paid down over time, and that once payments were received, the ongoing Residual Payment would track the remaining unpaid balances rather than continuing as if the entire original invoice face amount remained outstanding. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegation that the arrangement was a “loan agreement”. Defendant lacks information or knowledge sufficient to form a belief as to the trust of the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant lacks information or knowledge sufficient to form a belief as to truth of the allegation that historically 33% of the invoices were non-factored. Defendant admits the remaining allegations in Paragraph 37 of the Complaint.

38. Defendant denies that PMI is due the entire payment on non-factored invoices. Defendant admits the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegation that the Variable Discount is “effective interest”. In response to the remaining allegations set forth in Paragraph 42 of the Complaint to the extent the remaining allegations of Paragraph 42 seek to paraphrase or characterize the contents of the written document, the document speaks for itself.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies customer payments under the invoice are still due to PMI. Defendant admits the remaining allegations contained in Paragraph 48 of the Complaint.

49. Defendant admits the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies that it withheld more than double the contractual rate. Defendant admits the remaining allegations contained in Paragraph 50 of the Complaint.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies financing arrangements were subject to unilateral revisions and further denies that PMI was "taking out new loans". Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies that the Variable Discount constitutes "interest". Defendant admits the remaining allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies that PMI notified Defendant of the reporting change on or about December 10, 2024. Defendant lacks information or knowledge sufficient to form a belief as to

the truth as to the chain of events that led to this lawsuit. Defendant admits the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits that on or about November 6, 2024 that it asserted Defendant was entitled to fifty-percent (50%) of the IRS interest paid to PMI's clients on ERC refunds. Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant admits that in late February 2025 Defendant began withholding PMI's non-factored collections, remitting only 50% of those collections and applying the balance toward PMI's alleged outstanding debt on the Residual Payments overpayments. Defendant denies the remaining allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75. Defendant admits the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies that there is “no practical difference between the discount and interest, and no legal distinction under New York law, confirming that, among other reasons, the economic arrangement pursuant to the Agreement constitutes a loan”. Defendant admits the remaining allegations contained in Paragraph 76 of the Complaint.

77. Defendant admits that it interprets the Residual Payment Fee calculations as applying to the face amount of the invoice until paid in full, rather than to the reduced amount of the invoice as it was being paid down. Defendant denies the remaining allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant admits the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant admits the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies that a third-party falsely claims to own the account and/or payments. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the Complaint, however, if any “customer confusion” exists, it is the result of PMI’s actions.

89. Defendant denies that an unknown third-party falsely informed PMI's customers that their account and/or account receivables are "sold" or are the "the property" of Defendant. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Defendant submits that the allegations of Paragraph 92 of the Complaint call for a legal conclusion and do not require a response.

93. Defendant submits that the allegations of Paragraph 93 of the Complaint call for a legal conclusion and do not require a response.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant admits the allegations contained in Paragraph 95 of the Complaint.

96. Defendant admits the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105. Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies that PMI employees face separation from the company due to Defendant's "financial and Agreement construction intentional mischief". Defendant lacks information or knowledge sufficient as to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies that it made promises to PMI outside of the Agreement about how the process worked. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of the Complaint.

113. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115. Defendant submits that the allegations of Paragraph 115 of the Complaint call for a legal conclusion and do not require a response.

116. Defendants submit that the allegations of Paragraph 116 of the Complaint call for a legal conclusion and do not require a response.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant admits the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies that it is "never at risk of a loss, rendering Defendant not a factor in the true factoring sense". Defendant admits the remaining allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegation that this is not a hallmark of a true sale. Defendant denies information or knowledge sufficient as to form a belief as to the truth that PMI is caused to take the risk and, subsequently, the loss. Defendant admits the remaining allegations contained in Paragraph 121 of the Complaint.

122. Defendant denies that the absence of risk to itself is even assisted by PMI. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 of the Complaint.

123. Defendant admits that the Agreement is not merchant agreement, which generally applies to electronic payment services. Defendant denies the remaining allegations contained in Paragraph 123 of the Complaint.

124. Defendant admits the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies that representation and warranty breaches have nothing to do with credit risks. Defendant admits the remaining allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies that there is a "backdoor escape from credit risk". Defendant admits the remaining allegations contained in Paragraph 126 of the Complaint.

127. In response to the allegations set forth in Paragraph 127 of the Complaint to the extent the allegations of Paragraph 127 seek to paraphrase or characterize the contents of the written document, the document speaks for itself.

128. Defendant lacks information or knowledge sufficient to for a belief as to the truth that Agreement Section 7.1 is preventing PMI from refinancing. Defendant denies that Section 7.1 effectively removes credit risk for the outstanding Purchased Receivables because Defendant will not release the lien until the Purchased Receivables are recovered by PMI. Defendant admits the remaining allegations contained in Paragraph 128 of the Complaint.

129. Defendant admits that Agreement Section 5.1(a) and the Definitions section deem the Purchases Receivable disputed after the passage of a period from the account's receipt of funds. Defendant denies the remaining allegations contained in Paragraph 129 of the Complaint.

130. Defendant admits Agreement Section 3.1 requires PMI to acquire Purchased Receivables owed from a debtor which exceeds the credit limit for that debtor. Defendant denies the remaining allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. In response to the allegations set forth in Paragraph 132 of the Complaint to the extent the allegations of Paragraph 132 seek to paraphrase or characterize the contents of the written document, the document speaks for itself.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134. Defendant submits that the allegations of Paragraph 134 of the Complaint call for a legal conclusion and do not require a response.

135. Defendant submits that the allegations of Paragraph 135 of the Complaint call for a legal conclusion and do not require a response.

136. Defendant submits that the allegations of Paragraph 136 of the Complaint call for a legal conclusion and do not require a response.

137. Defendant submits that the allegations of Paragraph 137 of the Complaint call for a legal conclusion and do not require a response.

138. Defendant submits that the allegations of Paragraph 138 of the Complaint call for a legal conclusion and do not require a response.

139. Defendant submits that the allegations of Paragraph 139 of the Complaint call for a legal conclusion and do not require a response.

140. Defendant admits the allegations contained in Paragraph 140 of the Complaint but states the reference to "lender" was mere scrivener's error.

141. Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142. Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143. Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144. Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145. Defendant repeats and realleges each and every paragraph set forth above with the same force and effect as if fully set forth hereafter the length.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149. Defendant admits the allegations contained in Paragraph 149 of the Complaint.

150. Defendant admits that its actions in seizing all non-factored invoice payments, and not rendering payments to PMI for Purchased Receivables, are the result of PMI's breach of the Agreement, as well as to recapture Residual Payment overpayments caused by Defendant's

software program's error in applying the Variable Discount. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remining allegations contained in Paragraph 150 of the Complaint.

151. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint.

152. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint.

153. Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154. Defendant denies the same revenue that has been "unilaterally seized by Defendant in violation of the Agreement and pursuant to a fraudulent construction of the Agreement intended to deprive PMI of its entitled Residual Payments". Defendant lacks information or knowledge sufficient as to form a belief as to the truth of the remaining allegations contained in Paragraph 154 of the Complaint.

155. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint.

156. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint.

157. Defendant denies "bad faith and intentional false construction of the Agreement to justify Defendant seizing all invoice payments to recover for a software error alleged overpayment of Residual Payments". Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 of the Complaint.

158. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint.

159. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint.

161. Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162. Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163. Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164. Defendant repeats and realleges each and every paragraph set forth above with the same force and effect as if fully set forth hereafter at length.

165. Defendant denies the allegations contained in Paragraph 165 of the Complaint.

166. Defendant denies the allegations contained in Paragraph 166 of the Complaint.

167. Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168. Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169. Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170. Defendant admits that it applied the Variable Discount to such reduced invoice amounts for approximately the first 1.5 years of commerce under the Agreement. Defendant denies the remaining allegations contained in Paragraph 170 of the Complaint.

171. Defendant denies the allegations contained in Paragraph 171 of the Complaint.

172. Defendant denies the allegations contained in Paragraph 172 of the Complaint.

173. Defendant denies the allegations contained in Paragraph 173 of the Complaint.

174. Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175. Defendant denies the allegations contained in Paragraph 175 of the Complaint.

176. Defendant denies the allegations contained in Paragraph 176 of the Complaint.

177. Defendant lacks information or knowledge sufficient as to for a belief as to the truth of the allegation that PMI did not have an attorney assist with the Agreement. Defendant denies the remaining allegations contained in Paragraph 177 of the Complaint.

178. Defendant denies the allegations contained in Paragraph 178 of the Complaint.

179. Defendant denies the allegations contained in Paragraph 179 of the Complaint.

180. Defendant denies the allegations contained in Paragraph 180 of the Complaint.

181. Defendant repeats and realleges each and every paragraph set forth above with the same force and effect as if fully set forth hereafter at length.

182. Defendant denies the allegations contained in Paragraph 182 of the Complaint.

183. Defendant denies the allegations contained in Paragraph 183 of the Complaint.

184. Defendant denies the allegations contained in Paragraph 184 of the Complaint.

185. Defendant denies the allegations contained in Paragraph 185 of the Complaint.

186. Defendant denies the allegations contained in Paragraph 186 of the Complaint.

187. Defendant denies the allegations contained in Paragraph 187 of the Complaint.

188. Defendant denies the allegations contained in Paragraph 188 of the Complaint.

189. Defendant denies the allegations contained in Paragraph 189 of the Complaint.

190. Defendant denies the allegations contained in Paragraph 190 of the Complaint.

191. Defendant denies the allegations contained in Paragraph 191 of the Complaint.

192. Defendant denies the allegations contained in Paragraph 192 of the Complaint.

193. Defendant denies the allegations contained in Paragraph 193 of the Complaint.

194. Defendant denies the allegations contained in Paragraph 194 of the Complaint.

195. Defendant repeats and realleges each and every paragraph set forth above with the same force and effect as if fully set forth hereafter at length.

196. Defendant submits that the allegations of Paragraph 196 of the Complaint call for a legal conclusion and do not require a response.

197. Defendant submits that the allegations of Paragraph 197 of the Complaint call for a legal conclusion and do not require a response.

198. Defendant submits that the allegations of Paragraph 198 of the Complaint call for a legal conclusion and do not require a response.

199. Defendant submits that the allegations of Paragraph 199 of the Complaint call for a legal conclusion and do not require a response.

200. Defendant submits that the allegations of Paragraph 200 of the Complaint call for a legal conclusion and do not require a response.

201. Defendant submits that the allegations of Paragraph 201 of the Complaint call for a legal conclusion and do not require a response.

202. Defendant submits that the allegations of Paragraph 202 of the Complaint call for a legal conclusion and do not require a response.

203. Defendant submits that the allegations of Paragraph 203 of the Complaint call for a legal conclusion and do not require a response.

204. Defendant submits that the allegations of Paragraph 204 of the Complaint call for a legal conclusion and do not require a response.

205. Defendant denies the allegations contained in Paragraph 205 of the Complaint.

206. Defendant denies the allegations contained in Paragraph 206 of the Complaint.

207. Defendant denies the allegations contained in Paragraph 207 of the Complaint.

208. Defendant denies the allegations contained in Paragraph 208 of the Complaint.

209. Defendant lacks information or knowledge sufficient as to form a belief as to the truth of the allegation that Defendant knew and understood that PMI relies upon receipt of funds for its financial existence for non-factored invoices. Defendant denies the remaining allegations contained in Paragraph 209 of the Complaint.

210. Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211. Defendant denies the allegations contained in Paragraph 211 of the Complaint.

212. Defendant denies the allegations contained in Paragraph 212 of the Complaint.

213. Defendant denies the allegations contained in Paragraph 213 of the Complaint.

214. Defendant admits that Residual Payments are calculated by applying the Variable Discount to the face amount of the invoice through full payment, rather than on the reduced amount of the invoice as it is paid-down by the PMI customer. Defendant denies the remaining allegations contained in Paragraph 214 of the Complaint.

215. Defendant denies the allegations contained in Paragraph 215 of the Complaint.

216. Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217. Defendant denies the allegations contained in Paragraph 216 of the Complaint.

218. Defendant repeats and realleges each and every paragraph set forth above with the same force and effect as if fully set forth hereafter at length.

219. Defendant denies the allegations contained in Paragraph 219 of the Complaint.

220. Defendant denies the allegations contained in Paragraph 220 of the Complaint.

221. Defendant denies the allegations contained in Paragraph 221 of the Complaint.

222. Defendant denies the allegations contained in Paragraph 222 of the Complaint.

223. Defendant repeats and realleges each and every paragraph set forth hereafter at length.

224. Defendant denies the allegations contained in Paragraph 224 of the Complaint.

225. Defendant denies the allegations contained in Paragraph 225 of the Complaint.

226. Defendant denies the allegations contained in Paragraph 226 of the Complaint.

227. Defendants deny each and every allegation set forth in PMI's Complaint that is not responded to above.

**AFFIRMATIVE AND OTHER DEFENSES**

228. The Complaint fails to state a claim upon which relief can be granted.

229. The First Cause of Action for "Injunction" is not a cognizable cause of action.

230. The Second Cause of Action for Fraud duplicates the Breach of Contract cause of action.

231. The Fourth Cause of Action for Breach of Covenant of Good Faith and Fair Dealing duplicates the Breach of Contract cause of action.

232. The Fifth Cause of Action for Conversion duplicates the Breach of Contract cause of action.

233. The Sixth Cause of Action for Declaratory Judgment is not a cognizable cause of action.

234. The claims pertaining to alleged pre-Agreement oral promises are barred by the merger clause ¶11.12 in the Invoice Factoring Agreement.

235. PMI failed to mitigate its damages, including its failure to seek alternative sources of funding.

236. Damages, if any, were caused by third-parties, specifically, the Internal Revenue Service moratorium on Employee Retention Credit program ("ERC") and the disallowance of ERC claims filed after January 31, 2024 and under the "Big Beautiful Bill," P.L. 119-21.

237. Damages, if any, allegedly incurred by PMI were due to its own business practice model including the intentional delay of payment by its clients until IRS approved the Employee Retention Credit ("ERC") claims which caused PMI's cash flow problems.

238. PMI's damages and cash flow problems were caused by the failure of PMI's own clients to timely pay their obligations to PMI which, among other things, caused substantial accounts receivable to become "Ineligible" for financing under the Invoice Factoring Agreement.

239. Culain was not obligated to give formal notice of Default or an Event of Default under terms of the Invoice Factoring Agreement Section 9.3.

240. PMI breached its obligation under the Invoice Factoring Agreement to provide timely access to Culain to financial data and bank account information.

241. PMI breached is obligation under the Invoice Factoring Agreement to repurchase accounts receivable all of which that "aged out" and became ineligible by November 30, 2024.

242. The Invoice Factoring Agreement Section 11.9 captioned "Strict Performance" excused any failure of computation or delay by Culain which may have been caused by a faulty software program and Culain properly demanded exact compliance with the terms of the Invoice Factoring Agreement.

243. After Culain discovered the faulty software program, Culain manually recalculated all fee calculation under the supervision of Bonadio & Co., LLC, an independent public account firm.

244. The relationship between PMI and Culain was that of "seller" and "buyer" of accounts receivable and not a "borrower" and "lender" relationship, as stated in the Invoice Factoring Agreement.

245. The fee structure under the Invoice Factoring Agreement provides for fees to PMI based on the length of time an invoice remains unpaid. The greater the time of non-payment, the larger the fee. Thus, the fee structure was a negotiated term of the Invoice Factoring Agreement.

246. PMI was damaged by substantial shareholder distributions and salaries during 2024 and 2025 and loans to affiliates as described in the Declaration of Joseph Heim.

247. The terms of the Invoice Factoring Agreement was negotiated at arm's length as evidenced by Section 11.10 of the Agreement which provides that there is no presumption that ambiguity in the Agreement is not against or in favor of either party.

248. PMI breached the Invoice Factoring Agreement by its failure to timely repurchase Ineligible receivables.

249. PMI sold factored receivables to Culain. PMI pledged non-factored receivables as collateral, specifically to fund its repurchase obligations.

250. Culain properly exercised its right of set off against the "Reserve Account" based on the default by PMI of its obligations under the Invoice Factoring Agreement.

251. Culain properly exercised its contractual right to withhold further payments to PMI until PMI paid all amounts due to Culain.

252. PMI impaired its own accounts receivable by making $133,000 in unauthorized reductions to ERC invoices as described in the Declaration of Joseph Heim.

253. Culain was damaged by, among other things, $435,000 of disputed ERC invoices as described in the Declaration of Joseph Heim.

254. PMI breached its own contractual obligation to transmit to Culain non-factored as well as factored receivables in January 26, 2026.

255. The claim of PMI is barred by its unclean hands in failing to observe the terms and conditions of the Invoice Factoring Agreement and interfering with the processing of accounts receivable and withholding banking information.

256. PMI's claim is barred by laches by the unreasonable and prejudicial delay since at least October 2024 is seeking relief from the Court.

257. PMI's claim is barred by the doctrine of estoppel by accepting the benefits of the partial financing offered by Culain.

**COUNTERCLAIM**

Defendant-Plaintiff on the Counterclaim Culain Capital Funding LLC ("Culain"), by way of Counterclaim against the Plaintiff-Defendant on the Counterclaim Pinnacle Minds, Inc. ("PMI"), by its attorneys Magavern, Magavern Grimm, LLP and Woods Oviatt Gilman LLP, alleges the following:

258. Culain is a duly organized Delaware limited liability company and maintains its principal place of business in Buffalo, New York.

259. Upon information and belief, PMI is a California corporation and maintains its principal place of business in Camarillo, California.

**JURISDICTION AND VENUE**

260. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as it arises from a dispute between citizens of different states, with an amount in controversy greater than $75,00.00, exclusive of interest and costs, and pursuant to 28 U.S.C. § 1367(a) because the counterclaims are so related to the plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

261. Diversity of citizenship exists because Culain is a citizen of New York and has no member who is a citizen of California. On information and belief, PMI is a citizen of California.

262. This Court may exercise personal jurisdiction over PMI because it has contractually submitted to this jurisdiction of this Court pursuant to Section 11.1 of the Invoice Factoring Agreement, and PMI has transacted business within New York out of which this dispute arises. Additionally, PMI has maintained minimum contacts with New York.

263. Venue is proper in this District because the parties contractually consented to venue in Erie County, New York pursuant to Section 11.1 of the Invoice Factoring Agreement. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this District. 28 U.S.C. § 1391(b)(2).

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

264. On about April 30, 2024, Culain and PMI entered into an Invoice Factoring Agreement, a true copy of which, together with Schedules of Additional Terms and Exhibits is annexed as Exhibit A to PMI's Complaint.

265. A "factor" is a financial intermediary that purchases a company's accounts receivable—its outstanding invoices—at a discount, providing the company with an immediate cash advance rather than requiring it to wait for customer payments.

266. Under the Invoice Factoring Agreement PMI was designated "Seller" and Culain was designated "Buyer."

267. Pursuant to the terms of the Invoice Factoring Agreement, and specifically Section 7 of the Agreement, PMI granted to Culain a security interest in certain "Collateral" defined in the Schedule of Additional Terms to include, without limitation, "all of Seller's Accounts and Receivables (whether or not sold to Buyer hereunder)."

268. Under Sections 1-201, 9-102 and 9-109 of the Uniform Commercial Code, a purchase of accounts is included in the definition of “Security Interest” and a purchaser of accounts that perfects its interests as a purchaser is a “Secured Party”.

269. Following the execution of the Invoice Factoring Agreement, the parties began a funding relationship whereby Culain agreed to purchase certain invoices of PMI pursuant to the terms of the Invoice Factoring Agreement.

270. Under the Invoice Factoring Agreement, Culain would purchase Eligible invoices at a discount and when an invoice was eventually paid, Culain would determine the amount of factoring fee that had accrued against a particular invoice. If the fees were less than the difference between the collected invoice and the purchase price of the invoice, Culain would return to PMI in a “Residual Payment” the difference less discounts and fees.

271. Under this arrangement, after PMI provided invoices to Culain, which would elect which invoices to purchase (“Eligible Receivables”), Culain advanced an Initial Payment of 65% of the invoice amount, and then remit Residual Payments to PMI as PMI’s customers made payments to Culain through a designated Lockbox account, after deducting applicable discounts and fees.

272. Under the Invoice Factoring Agreement, PMI is required to “Repurchase” any invoice that becomes “Ineligible,” most often because those receivables have “aged out,” meaning those receivables remain open beyond a certain number of days.

273. Beginning on about October 24, 2024, PMI was financially unable to Repurchase those receivables that became Ineligible, and PMI has been in breach of the Invoice Factoring Agreement since at least October 2024.

274. As of this date, every open invoice purchased by Culain, totaling over $1,120,000.00 remains open beyond the scheduled number of days for payment in full and has become Ineligible.

275. Without limitation, under Section 9.1 of the Invoice Factoring Agreement, the failure "to make payment of any of the Obligations when due" is an Event of Default.

276. As provided in the Invoice Factoring Agreement, Culain set off unpaid amounts including fees from a "Reserve Fund" established under the Invoice Factoring Agreement, but there remains an outstanding balance based on the unpaid Repurchase obligations, fees and costs.

277. Pursuant to Section 4.5 of the Invoice Factoring Agreement, PMI is obligated to reimburse Culain for all fees, costs, and expenses including reasonable attorneys' fees, costs and charges of such counsel, charges of consultants and professions, and all other costs and out-of-pocket expenses incurred by Culain arising from any litigation, dispute, or action in any way related to the Counts, the Collateral and the Invoice Factoring Agreement related to the default, litigation and the exercise of Culain's remedies as is more specifically provided in the Invoice Factoring Agreement.

278. As a result of PMI's breach of contract, PMI is indebted to Culain in an amount not less than $1.4 million, together with any and all contractual or other damages to which Culain may be entitled.

Wherefore, Defendant-Plaintiff on the Counterclaim Culain demands judgment against Plaintiff-Defendant on the Counterclaim PMI as follows:

A. Defendant demands judgment in their favor and against Plaintiff dismissing the claims asserted in the Complaint;

B. Compensatory damages in favor of Culain and against PMI in an amount to be determined at trial but in no event less than $1.4 million, together with prejudgment interest, reasonable attorney's fees, costs, expenses and disbursements, including, but not limited to, the cost of the field examination;

C. Reasonable attorney's fees costs, fees, expenses and disbursements as provided in the Invoice Factoring Agreement;

D. Pre-judgment interest; and

E. Such other relief as is just, equitable and proper.

Dated: Buffalo, New York
April 20, 2026

**WOODS OVIATT GILMAN LLP**

By: s/ *William F. Savino*

William F. Savino,
Bernard Schenkler
50 Fountain Plaza, Suite 320
Buffalo, New York 14202
(716) 248-3200

And

MAGAVERN MAGAVERN GRIMM LLP
Richard A. Grimm, III
1100 Rand Building,
14 Lafayette Square
Buffalo, New York 14203
(716) 856-3500

*Attorneys for Defendant*
*Culain Capital Funding, LLC*