UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PINNACLE MINDS, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>CULAIN CAPITAL FUNDING LLC,<br><br>*Defendant.* | Case No. 1:26-cv-501-LJV-JJM |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO DEFENDANT'S COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Pinnacle Minds, Inc. ("PMI"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses in response to the April 20, 2026 Counterclaim ("Counterclaim") filed by Defendant and Counterclaim-Plaintiff Culain Capital Funding LLC ("Culain" or "Defendant"), as follows:

258. PMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 258 of the Counterclaim, and accordingly denies the same.

259. PMI admits the allegations set forth in paragraph 259 of the Counterclaim.

**JURISDICTION AND VENUE[1]**

260. PMI lacks knowledge or information sufficient to form a belief as to Culain's citizenship, but admits the Court has jurisdiction over this matter and the counterclaim is sufficiently related to the claims advanced in the Complaint. Paragraph 260 of the Counterclaim sets forth legal conclusions to which no response is required.

[1] PMI has included the headings and subheadings listed in the Counterclaim to assist in reading the pleadings and in doing so makes no admission or concession about the accuracy of those headings.

261. Paragraph 261 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, PMI admits it is a citizen of California. PMI lacks knowledge or information sufficient to form a belief as to the citizenship of Culain and accordingly denies the same. PMI admits there is diversity of citizenship.

262. Paragraph 262 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, PMI states that Section 11.1 of the Factoring Agreement speaks for itself and any mischaracterizations are denied. PMI denies the remainder of the allegations set forth in paragraph 262 of the Counterclaim. PMI admits that the Court may exercise personal jurisdiction over PMI.

263. Paragraph 263 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, PMI states that Section 11.1 of the Factoring Agreement speaks for itself and any mischaracterizations are denied. PMI denies the remainder of the allegations set forth in paragraph 263 of the Counterclaim. PMI admits that venue of this action is proper in this District.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

264. PMI denies the allegations set forth in paragraph 264 of the Counterclaim, but admits the parties entered into the Factoring Agreement on or about April 20, 2023 as annexed to the Complaint as Ex. A.

265. PMI admits the allegations set forth in paragraph 265 of the Counterclaim.

266. Admits the allegations of paragraph 266 of the Counterclaim, but observes that paragraph 266 sets forth legal conclusions, and that the Factoring Agreement speaks for itself and any mischaracterizations are denied.

267. Admits the allegations of paragraph 267 of the Counterclaim, but observes that paragraph 267 sets forth legal conclusions, and that the Factoring Agreement speaks for itself and any mischaracterizations are denied.

268. Paragraph 268 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, PMI states that the Uniform Commercial Code speaks for itself and any mischaracterizations are denied.

269. PMI admits that following the execution of the Factoring Agreement, Culain agreed to purchase certain invoices of PMI. PMI denies the remaining allegations set forth in paragraph 269 of the Counterclaim.

270. PMI denies the allegations set forth in paragraph 270 of the Counterclaim and denies the characterization of the parties' rights and obligations under the Factoring Agreement.

271. PMI denies the allegations set forth in paragraph 271 of the Counterclaim.

272. Denies the allegations in paragraph 272 of the Counterclaim, and observes that paragraph 272 sets forth legal conclusions to which no response is required, referring to the Court all questions or conclusions of law regarding the Factoring Agreement. To the extent a response is required, PMI states that the Factoring Agreement speaks for itself and any mischaracterizations are denied.

273. PMI denies the allegations in paragraph 273 of the Counterclaim and observes that no demand to purchase the Ineligible receivables referenced in paragraph 273 was made to PMI.

274. PMI denies the allegations set forth in paragraph 274 of the Counterclaim.

275. Denies the allegations in paragraph 275 of the Counterclaim, which sets forth legal conclusions to which no response is required, and refers to the Court all questions or conclusions

of law of contract interpretation. The Factoring Agreement speaks for itself and any mischaracterizations are denied.

276. PMI denies knowledge or information as to whether Culain "set off unpaid amounts including fees from a "reserve Fund" established under the Factoring Agreement." PMI denies the remaining allegations in paragraph 276.

277. Paragraph 277 of the Counterclaim sets forth legal conclusions to which no response is required. To the extent a response is required, PMI states that the Factoring Agreement speaks for itself and any mischaracterizations are denied, and refers to the Court the construction and interpretation of the Factoring Agreement. PMI denies that it is responsible to reimburse Culain for any fees, costs, or expenses.

278. PMI denies the allegations set forth in paragraph 278 of the Counterclaim.

279. PMI denies any allegation set forth in the Counterclaim that is not expressly admitted herein and denies that Culain is entitled to any of the relief sought in its WHEREFORE clause. PMI requests that this Court deny all of the relief sought by Culain in the WHEREFORE clause and dismisses the Counterclaim in its entirety and with prejudice. PMI further requests it be awarded such other and further relief that this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

PMI asserts the following affirmative defenses to the Counterclaim:

280. The Counterclaim fails to state a claim upon which relief can be granted.

281. The Counterclaim is barred by Culain's own material breaches of the April 20, 2023 Factoring Agreement (the "Agreement"). Culain materially breached the Agreement by, among other things: (a) improperly calculating the Variable Discount by applying it to the full face amount of invoices rather than to the reduced balance as invoices were paid down, contrary to the parties'

course of dealing for approximately the first 1.5 years of performance under the Agreement; (b) wrongfully withholding Residual Payments owed to PMI; (c) seizing non-factored invoice payments; and (d) holding funds in the Reserve Account above the $650,000 cap set forth in the Agreement Section 5.4(a) in an amount at 426% above the contractual cap.

282. The Counterclaim is barred because the Agreement is unenforceable given its usurious effective interest rate and because Culain engaged in usurious lending and/or transactions. All of the transactions contemplated by the Agreement and all of the obligations, if any, by PMI are voidable, voided, void ab initio, and relieved by the doctrine of usury under New York law, and PMI has no financial obligation to Culain; PMI adopts herein the usury defenses advanced in PMI's preliminary injunction motion.

283. The Counterclaim is barred by Culain's fraud. Culain intentionally deceived PMI into a contract construction and promise as to how the Variable Discount would be calculated and applied, knowing the inexperienced PMI, which did not have an attorney assist with the Agreement, could be duped and taken advantage of with regard to how the important Residual Payments were calculated and remitted. Based upon the representations made by Culain's principals, PMI understood that the Variable Discount would be applied to the declining balance of each factored invoice as it was paid down by PMI's customer. Relying on these promises, PMI entered into the Agreement. As Culain planned from inception, after PMI had become dependent upon the business relationship and Culain obtained control over PMI's accounts receivable, Culain changed its interpretation to increase the withheld percentages of PMI customer invoices. Culain seized factored and non-factored funds it had no contractual right to hold, all under the guise of "overpayment" recovery.

284. The Counterclaim is barred by Culain's unclean hands.

285. The Counterclaim is barred because Culain acted in bad faith.

286. The Counterclaim is barred because Culain breached the implied covenant of good faith and fair dealing.

287. The Counterclaim is barred because the Agreement as interpreted by Culain is unconscionable.

288. The Counterclaim is barred because Culain failed to mitigate its alleged damages.

289. The Counterclaim is barred because any amounts PMI allegedly owes under the Counterclaim are offset, in whole or in part, by the amounts Culain owes to PMI for improperly withheld Residual Payments, improperly seized non-factored collections, and overcharges resulting from Culain's improper application of the Variable Discount.

290. The Counterclaim is barred by the applicable statute of limitations.

291. The Counterclaim is barred by the doctrines of setoff and recoupment.

292. The Counterclaim is barred by reason of documentary evidence.

293. The Counterclaim is barred by the doctrines of acquiescence, equitable estoppel, waiver, release, and/or latches.

294. The counterclaim is barred because Culain made no Agreement Section 5.1 demand to repurchase and the Counterclaim seeks damages above the amount authorized by Section 9.2(a).

Dated: May 11, 2026

Respectfully submitted,

*s/ Samuel D. Levy*

Samuel D. Levy
Gregory P. Cronin
Molly Henneberry
Blank Rome LLP
1271 Avenue of the Americas
New York, NY 10020
212-885-5000
Samuel.Levy@BlankRome.com
Gregory.Cronin@BlankRome.com

Molly.Henneberry@BlankRome.com

and

John G. Schmidt Jr.
Joseph L. Mooney
Phillips Lytle LLP
One Canalside - 125 Main Street
Buffalo, NY 14203-2887
716-847-8400
JSchmidt@PhillipsLytle.com
JMooney@PhillipsLytle.com

*Attorneys for Plaintiff Pinnacle Minds, Inc.*